IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITAS CONTAINERS, LTD.<br>12 Par-la-ville Road<br>Hamilton, HM08<br>Bermuda | *<br><br>*<br><br>* | |
| Plaintiff, | * | Civil Action No. |
| v. | * | |
| | * | |
| HENRY M. PAULSON, JR.,<br>Secretary of the Treasury,<br>1500 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20220 | *<br><br>*<br><br>* | |
| And | * | |
| OFFICE OF FOREIGN ASSETS<br>  CONTROL, United States Dept.<br>  Of Treasury,<br>Treasury Annex<br>1500 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20220 | *<br><br>*<br><br>*<br><br>* | |
| Defendants. | * | |

**Complaint for Declaratory and Injunctive Relief Or, In the Alternative,
For Writ of Mandamus**

Plaintiff Unitas Containers, LTD (hereinafter "Unitas, Bermuda"), by and through its undersigned counsel, hereby seeks a Declaratory and Injunctive relief or, in the alternative, a Writ of Mandamus ordering the Secretary of Treasury, and/or his designee, the Office of Foreign Assets Control ("OFAC"), to release funds improperly frozen under

1

the Cuban Assets Control Regulations. In support of the instant action, Plaintiff states the following:

### Parties, Jurisdiction and Venue

1. Plaintiff Unitas Bermuda is a Bermuda Corporation controlled by Citizens of Great Britain. It has its principal place of business in Hamilton, Bermuda. Unitas Bermuda is in the business of leasing containers for use in ocean going vessels.

2. Defendant Henry M. Paulson, Jr. is the Secretary of Treasury ("The Secretary"). Through the Office of Foreign Assets Control ("OFAC"), the Secretary, among other things, implements the provisions of the Cuban Assets Control Regulations, 31 C.F.R. Part 515.

3. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1361 (writ of mandamus), 5 U.S.C. § 702 (Administrative Procedure Act, waiver of sovereign immunity), and 5 U.S.C. § 704 (Administrative Procedure Act, final agency action for which there is no adequate remedy in court).

4. Venue is proper in this District under 28 U.S.C. § 1391(e) because the Secretary is an officer or employee of a United States Agency, and both Defendants act in their official capacities in this District.

### Facts Common to All Counts

5. Unitas Bermuda is a Bermuda corporation with its principal place of business in Hamilton, Bermuda. Unitas Bermuda is subject to the laws of Bermuda.

6. Bermuda does not have a trade embargo or economic sanctions, against Cuba.

7. Unitas Bermuda is responsible for procuring and leasing shipping containers to major shipping lines and other transport operators.

8. Lessees procured by Unitas Bermuda execute a Lease Agreement with Unitas Bermuda for the lease of a quantity of containers for a specified period of time, usually five years. Under the lease agreements, the Lessee agrees to pay an equipment per diem rental fee to Unitas Bermuda. Lessees remit payment to Unitas Bermuda monthly for the container rental fees.

9. Given the large capital outlays associated with the purchase of shipping containers, Unitas Bermuda often has investors who purchase containers either on the open market or from distressed companies. Unitas Bermuda uses its business skills to find potential lessees for the Containers. Unitas Bermuda pays a portion of its earnings to its investors.

10. DCM Deutscher Containerfonds Madeira Transportes e Logistica unipessoal Lda & Comandita (hereinafter "DCM") is a corporation incorporated and based in Madeira, Portugal with its registered office at Avenida Arriaga 77, sala 305, P-9004-533, Funchal, Madeira.

11. DCM is controlled by German citizens.

12. DCM entered into a Management Agreement with Unitas Bermuda under which DCM provided capital for Unitas Bermuda to purchase and manage a number of shipping containers leased to international shipping lines and other international transport operators. DCM receives a percentage of the income earned by Unitas Bermuda under the leases.

13. Under the contract with DCM, Unitas Bermuda, purchased a number of lease agreements and containers previously owned by Sea Containers, Ltd. These lease agreements included container leases with Havana Club International SA., a Cuban shipping line and Yang Ming Marine, a Chinese shipping line.

14. On March 9, 2007, Unitas Bermuda requested a $78,865.89 wire transfer from the Bank of Bermuda to HSH Nordbank, a German Bank.

15. The wire was for the benefit of DCM.

16. That amount represented DCM's distribution of the February rental fees received from two Lessees: Yang Ming Marine Transport Corp. and Havana Club International SA. $60,493 was DCM's share of the Yang Ming Marine leases. $18,372.89 was DCM's share of the Havana Club leases.

17. The reference on the wire noted the Lessees from whom payment was received.

18. Bank of Bermuda, without direction from or notification to Unitas Bermuda, amended Unitas' Bermuda's wire instructions to employ HSBC New York (USA) as an intermediary bank for the wire transfer.

19. Upon receiving the wire transfer containing a reference to Havana Club, HSBC New York placed a hold on the funds and notified OFAC, pursuant to the requirements of the Cuban Asset Control Regulations, 31 C.F.R. Part 515.

20. On May 7, 2007, Unitas Bermuda filed an application for a License to unblock the funds in question.

21. In support of the application, Unitas Bermuda provided copies of the Lease Agreements with Yang Ming and Havana Club, the invoices for the rental fees due

from each lessee, as well as a detailed explanation of the relationship between parties and the funds in question.

22. On July 6, 2007, in response to OFAC's request for additional information regarding the subject funds, Unitas Bermuda provided a complete and comprehensive breakdown of the funds - from total invoice amount paid to net remittance due from Unitas Bermuda to DCM.

23. The evidence provided by Unitas Bermuda demonstrated that none of the funds transferred to DCM were Cuban assets. They also were not assets in which a Cuban company had an interest. The funds were, rather, the property of Unitas Bermuda and represented a distribution of income earned by Unitas Bermuda in lawful trade under the laws of Bermuda and Great Britain.

24. On July 30, 2007, OFAC issued License CU-76961 directing HSBC New York to release $48,388.86 from the total amount of blocked funds to Unitas Bermuda. This corresponded to a portion of the funds due from Yang Ming.

25. The License required HSBC to maintain the block on the remaining balance of $30,477.03.

26. OFAC alleged that the blocked amount should be held because it constituted Cuban Assets.

27. Although Plaintiff disputes that these were Cuban assets in the first place, OFAC ignored the fact that only $18,372.89 represented DCM's share of the Havana Club lease payments. As such, OFAC overestimated the amount of alleged Cuban trade by $12,104.14.

28. On August 14, 2007, Unitas Bermuda requested OFAC reconsider its decision regarding the continuation of the block on the remaining funds.

29. Unitas Bermuda again explained the relationship of the parties and the origin of the funds, and requested release of the remaining funds since the money was the property of Unitas Bermuda, not a Cuban Corporation.

30. On September 21, 2007, OFAC affirmed its prior opinion, and refused to release the $30,477.03 because it concluded that it had authority under the Cuban Assets Control Regulations to seize assets from a Cuban Entity.

## Count I

### Violation of the Administrative Procedure Act

31. Plaintiff reincorporates and realleges the averments contained in the preceding paragraphs as if fully set forth herein.

32. Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 510 *et seq.* because the have: (a) unlawfully withheld and unreasonably delayed agency action to which the Plaintiff is entitled, and (b) taken action that is arbitrary, capricious, an abuse of discretion and not in accordance with law by:

> (1) Improperly seizing funds belonging to a Bermuda Corporation and being transferred to a British Corporation, neither of which are subject to the laws or jurisdiction of the United States;
>
> (2) Declaring funds belonging to a Bermuda Corporation to be Cuban funds when, in fact, they are not;

(3) Failing to follow principles of comity by ignoring legal trade performed by a foreign corporation under the laws of a sovereign nation; and

(4) Otherwise acting to create a process and rendering a decision inconsistent with Cuban Assets Control Regulations and its authorizing statute, the Trading with the Enemy Act, in that Defendants have refused to grant a license releasing funds that do not belong to, nor are they connected with, a Cuban corporation nor do they belong to or are connected with, any corporation subject to the laws of the United States or United States jurisdiction.

## Count II

## Violation of the Trading with the Enemy Act and the Cuban Assets Control Regulations

33.   Plaintiffs reincorporate and re-allege the allegations contained in the preceding paragraphs as if fully set forth herein.

34.   Defendants have further acted arbitrarily and capriciously because they have violated the principles upon which the Trading with the Enemy Act and the Cuban Assets control regulations are based.

35.   The statute and the regulations are designed to establish and maintain a total embargo upon all trade between the United States and Cuba.

36.   The funds at issue here were not between the United States and Cuba. They initially arose in trade between a Bermuda Corporation and Cuba.

37.     Furthermore, the funds no longer belonged to a Cuban corporation nor were they related to a Cuban entity.  At the time of the transfer by Unitas Bermuda, they belonged to a Bermuda corporation and were being transferred to a Portuguese Corporation owned by German investors.  Additionally, the money being transferred had no relation to any trade with the United States, but was between two alien corporations operating under foreign law.

38.     Defendants have further acted arbitrarily and capriciously because they violated the express terms of the Cuban Asset Control Regulations.  The funds at issue here were not transferred on behalf of a Cuban national nor did a Cuban national have an interest in the funds, 31 C.F.R. § 515.201(a).  The funds were, rather, the property of a Bermuda Corporation and were being transferred for the benefit of a Portuguese Corporation (DCM) owned by German nationals.

39.     Defendants also violated the terms of the Cuban Asset Control Regulations because neither a Cuban citizen nor a Cuban corporation has an "interest" in the funds as that term is defined by 31 U.S.C. § 515.32.  The regulation defines the term "interest" as "an interest of any nature whatsoever, direct or indirect."

40.     In this case, Havana Club's interest in the funds extinguished upon payment to Unitas Bermuda pursuant to its contractual obligations.  Once it made that payment to Unitas Bermuda, the Havana Club's interest expired and the funds belonged to Unitas Bermuda, not Havana Club.

**Relief Requested**

WHEREFORE, Plaintiffs seek the following Relief:

1. Declaratory Judgment that Defendant's action as set forth herein is unlawful for the reasons alleged;

2. Declaratory judgment that Defendant's action denying Plaintiff a license or other administrative relief was arbitrary, capricious, and abuse of discretion, or otherwise contrary to law;

3. Issue a permanent injunction or writ of mandamus pursuant to 28 U.S.C. § 1361 and/or 5 U.S.C. §706(1) compelling Defendant to immediately issue Plaintiffs a license releasing all funds currently held by HSBC bank to DCM; and to Unitas, Bermuda, and grant

4. Such other and further relief as this Court deems just and proper.

[Signatures on following page]

Respectfully submitted,

/s/ W. Charles Bailey, Jr.
W. Charles Bailey, Jr.[*]
SIMMS SHOWERS, LLP
20 S. Charles Street, Suite 702
Baltimore, MD  21201
PH:     410-783-5795
FX:     410-783-1368

Counsel for Plaintiff


/s/ J. Stephen Simms
J. Stephen Simms
DC Bar No. 382388
SIMMS SHOWERS, LLP
20 S. Charles Street, Suite 702
Baltimore, MD  21201
PH:     410-783-5795
FX:     410-783-1368

Counsel for Plaintiff

---

[*] Motion for Admission *Pro Hac Vice* pending.

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| UNITAS CONTAINERS, LTD. | HENRY M. PAULSON, JR., Sec'y. US DOT<br>OFFICE OF FOREIGN ASSETS CONTROL, US DOT |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

J. Stephen Simms (382388)
W. Charles Bailey, Jr. *
Simms Showers LLP
20 S. Charles Street, Suite 702
Baltimore, MD 21201
410-783-5795
* Pro Hac Vice motion pending

ATTORNEYS (IF KNOWN)

Michael E. Mukasey, Attorney General for the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

Jeffrey A. Taylor, US Attorney for the District of Columbia
United States Attorney's Office
555 Fourth Street, NW
Washington, D.C. 20530

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

◉ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Seeking permanent injunction or Writ of Mandamus pursuant to 28 U.S.C § 1361 and/or 5 U.S.C. § 706(1) for violations of the APA, TWEA and CACR

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ 30,477.03    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☐    If yes, please complete related case form.

DATE April 3, 2008    SIGNATURE OF ATTORNEY OF RECORD /s/

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.