IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITAS CONTAINERS, LTD.**, | ) | |
| | ) | |
| **Plaintiff**, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:08-cv-00579-JR |
| **HENRY M. PAULSON, JR.**, Secretary of | ) | |
| the Treasury, *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

## JOINT MOTION FOR LEAVE TO FILE PORTIONS OF THE RECORD UNDER SEAL, AND FOR A PROTECTIVE ORDER

The parties in the above-captioned action respectfully request that the Court grant leave to the Defendants, Henry M. Paulson, Jr., Secretary of the Treasury, and the Office of Foreign Assets Control ("OFAC"), to file portions of the administrative record in this action under seal. The parties also respectfully request that the Court enter the attached protective order. In support of this motion, the parties state as follows:

1. This action involves a challenge pursuant to the Administrative Procedure Act to a July 30, 2007 OFAC decision denying an application for a license to release blocked funds, and to a September 21, 2007 OFAC denial of reconsideration of that decision.

2. The administrative record for this action includes certain contracts and invoices submitted to OFAC by the Plaintiff, Unitas Containers, Ltd. It is possible that those documents contain information protected from disclosure under the Trade Secrets Act.

3. The Trade Secrets Act provides:

Whoever, being an officer or employee of the United States or of any department or agency thereof . . . publishes, divulges, discloses, or makes known in any manner or to any extent not authorized by law any information coming to him in the course of his employment or official duties or by reason of any examination or

-2-

> investigation made by, or return, report or record made to or filed with, such department or agency or officer or employee thereof, which information concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the identity, confidential statistical data, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or association; or permits any income return or copy thereof or any book containing any abstract or particulars thereof to be seen or examined by any person except as provided by law; shall be fined under this title, or imprisoned not more than one year, or both; and shall be removed from office or employment.

18 U.S.C. § 1905.

4.  The documents submitted to OFAC by the Plaintiff may contain "commercial or financial data collected by [a] federal employee from any source in performance of the duties of his or her employment," *CNA Fin. Corp. v. Donovan*, 830 F.2d 1132, 1140 (D.C. Cir. 1987). There is accordingly the potential for parties to argue that the documents contain information that the Defendants may not disclose under the Trade Secrets Act unless authorized to do so by law.

5.  A lawfully issued judicial order, such as the attached proposed protective order, would provide the necessary authorization for disclosure of the materials in the administrative record. *See United States v. Liebert*, 519 F.2d 542, 546 (3d Cir. 1975).

6.  In accordance with this joint motion, the Defendants will file a public version of the administrative record, consisting of materials that are not potentially subject to the Trade Secrets Act, and will also file the full administrative record under seal.

7.  By the filing of this joint motion, the parties hereby stipulate and agree to be bound by the terms of the attached protective order.

-3-

For the foregoing reasons, the parties respectfully request that the Court grant the

Defendants leave to file the administrative record under seal, and that the Court enter the

attached protective order.

Respectfully submitted,


   /s/ W. Charles Bailey, Jr.                   /s/ Joel McElvain

| | |
|---|---|
| W. CHARLES BAILEY, JR. | SANDRA M. SCHRAIBMAN |
| J. STEPHEN SIMMS | Assistant Director, D.C. Bar # 188599 |
| Simms Showers, LLP | JOEL McELVAIN, Attorney, D.C. Bar # 448431 |
| 20 S. Charles Street, Suite 702 | United States Department of Justice |
| Baltimore, MD 21201 | Civil Division, Federal Programs Branch |
| Telephone:     (410) 783-5795 | 20 Massachusetts Ave., NW, Room 7130 |
| Fax:             (410) 783-1368 | Washington, D.C. 20001 |
| | Telephone:     (202) 514-2988 |
| | Fax:             (202) 616-8202 |
| | |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

-4-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITAS CONTAINERS, LTD.**, | ) |
| | ) |
| **Plaintiff**, | ) |
| | ) |
| v. | ) |
| | )     Case No. 1:08-cv-00579-JR |
| **HENRY M. PAULSON, JR.**, Secretary of | ) |
| the Treasury, *et al.* | ) |
| | ) |
| **Defendants.** | ) |

### [Proposed] PROTECTIVE ORDER

Upon the request of the parties in this action, and pursuant to the Trade Secrets Act, 18 U.S.C. § 1905,

IT IS HEREBY ORDERED that the Defendants are granted leave to file the administrative record in this action under seal; and that the Defendants are granted leave to disclose the sealed portions of the administrative record (particularly including copies of contracts and invoices submitted by the Plaintiff to the Office of Foreign Assets Control in the course of the administrative proceedings under review in this action) to counsel for the Plaintiff. Such disclosures are subject to the following conditions:

1.  The sealed portions of the administrative record shall be marked "UNDER SEAL," and such materials may only be used for the purposes of this litigation.

2.  Such materials may be disclosed only to the parties to this litigation, the attorneys of record for the parties, including co-counsel, and persons regularly in the employ of such attorneys having a need for the materials in the performance of their duties.

-5-

3.  Except as provided herein, no person having access to materials subject to this Order shall make public disclosure of the materials, or information derived from them, absent further Order of the Court.  Nothing in this Order shall be interpreted, however, as limiting the use that the Plaintiff or its agents may make of documents or information obtained independently of the Defendants' disclosure pursuant to this Order.

4.  Any filings with the Court that contain information that has been designated as confidential shall be made under seal.

5.  Within sixty (60) days of the termination of this litigation (including any appeals of any judgment in this action), counsel for the Plaintiff shall destroy any copies of confidential materials received pursuant to this Order, and shall certify to counsel for the Defendant that such copies have been destroyed.

6.  The termination of this litigation will not relieve person or party who has been provided with confidential materials pursuant to this Order of his or her obligations under this Order.

7.  Entry of this Order will not prohibit the United States, or any agency, department, officer, or employee thereof, from using or disclosing any materials subject to this Order for any other purposes authorized or allowed by law.

    IT IS SO ORDERED.


Dated: _____, 2008         _____
                                     JAMES ROBERTSON
                                     UNITED STATES DISTRICT JUDGE

Copy To:

Joel McElvain
U.S. Department of Justice
20 Massachusetts Avenue, N.W., Room 7130
Washington, D.C.  20001
Attorney for Defendants

W. Charles Bailey, Jr.
Simms Showers LLP
20 South Charles Street, Suite 702
Baltimore, MD 21201
Attorney for Plaintiff